Rockingham
No. 89-443

DALE A. DAIGLE

v.

CITY OF PORTSMOUTH

August 3, 1990

*Bernard J. Robertson*, of Exeter, by brief and orally, for the plaintiff.

*Devine, Millimet & Branch*, of Manchester (*George R. Moore* on the brief and orally), for the City of Portsmouth.

*McLane, Graf, Raulerson & Middleton*, of Manchester (*Jack B. Middleton* and *Michael J. Quinn* on the brief, and *Mr. Middleton* orally), for Paul Cox and Stephen E. Gaige.

*Merrill & Broderick*, of Manchester (*Mark W. Dean* on the brief, and *Stephen E. Merrill* orally), for Robert Sullivan.

JOHNSON, J. The plaintiff, Dale A. Daigle, appeals the Master's (*Bean*, J. (Ret.)) recommendation to deny his motion for sanctions against the defendant, the City of Portsmouth (the City), which was approved by the Superior Court (*McHugh*, J.). For the reasons stated below, we affirm.

This action began in June 1983, when Daigle filed a writ against the City alleging that one of its police officers had attacked and beaten him in August 1981. Daigle later commenced an action against Portsmouth Police Officer Al Pace personally, naming him as the attacker. The trial of *Daigle v. City of Portsmouth*, Rockingham Superior Court No. C-814-83, was held in 1984 and resulted in an award of $500,000 to Daigle. The award was specifically premised on the jury's finding that Pace had committed the assault. The 1985 jury trial of *Daigle v. Pace*, Rockingham Superior Court No. C-969-84, however, resulted in a verdict for Pace, based on a finding that he had not assaulted Daigle. These inconsistent verdicts were discussed, and Daigle's collateral estoppel claim was dismissed, in *Daigle v. City of Portsmouth*, 129 N.H. 561, 569–75, 534 A.2d 689, 693–96 (1987).

The case before us arises out of Daigle's motion for sanctions, based on his claim that the City and its attorneys, Paul Cox, Stephen Gaige, and Robert Sullivan, violated discovery requests by intentionally, wantonly, and oppressively withholding four documents, and information relating to those documents, during the discovery stage of the 1984 *Daigle v. City of Portsmouth* trial. These documents, the "Hersey" note, and the "Moore," "Sargent," and "Lightizer" statements, are described in *Daigle v. City of Portsmouth*, 131 N.H. 319, 321–25, 553 A.2d 291, 292–95 (1988). After Daigle's consolidated sanction motion against the City was denied by the Superior Court (*Nadeau*, J.) in December 1987, he appealed to this court, arguing that the City should be sanctioned for its alleged intentional withholding of discoverable facts. Based on the allegations Daigle presented to us then, we stated, "The facts *as they are now developed* display a flagrant disregard of discovery requests and orders by the City." *Daigle v. City of Portsmouth*, 131 N.H. at 329, 553 A.2d at 297 (emphasis added). Because on appeal we lack the fact-finding ability

of a trial court needed to determine whether sanctions are appropriate, we remanded the case for a full evidentiary hearing. *Id.*

After six days of trial, the master denied Daigle's request for sanctions, finding that "[t]he plaintiff has failed to produce any evidence of a *knowing concealment of new facts* or actual knowledge of prior false answers." (Emphasis added.) The master found that the City's attorneys turned over the four documents to the trial court immediately after learning of their existence, and therefore did not knowingly conceal them. The master similarly found that Mortimer, director of the internal police investigation of Daigle's alleged beating, did not knowingly conceal new facts. While Mortimer knew the documents existed before they were turned over to the trial court by the City's attorneys, the master found that the documents contain rumors, speculations, and hearsay statements concerning Pace's possible involvement in Daigle's assault, and not facts. As such, the master ruled that Mortimer had no duty to produce them for Daigle's review: "The city was not required to disclose unsubstantiated rumor." It is from these findings that Daigle now appeals.

■■ We cannot overturn the master's findings in this case unless Daigle persuades us that no reasonable person could have made the same findings on the basis of the evidence before the master. *See Bourdon's Case*, 132 N.H. 365, 370, 565 A.2d 1052, 1055 (1989). "This review standard requires that any 'conflicts as might be found in the testimony, questions about the credibility of witnesses, and the weight to be given to testimony are for the [master] to resolve.'" *Id.* (citation omitted). Since Daigle has failed to meet this burden, we affirm the master's ruling.

Daigle's motion for sanctions is based on a claim that the City failed to properly amend answers to discovery requests and thus knowingly concealed discoverable facts. *See* SUPER. CT. R. 35(e)(2). The master ruled that it was Daigle's burden at trial to prove a knowing concealment by "clear and convincing evidence," and Daigle did not object to the imposition of this burden of proof. The master found that Daigle "failed to produce *any* evidence of a knowing concealment" (emphasis added), and therefore denied his motion. Upon a thorough examination of the record, we hold that a reasonable person could have made the same finding on the basis of the evidence before the master.

The City's attorneys each testified that they had no knowledge of the documents' existence until shortly before turning them over to the trial court. The master found their testimony credible, and noth-

ing in the record persuades us that this finding was unreasonable. Because the attorneys had no knowledge of the documents, they could not have knowingly concealed them in violation of Rule 35(e)(2).

Mortimer knew of the documents' existence long before they were turned over to the trial court. However, Mortimer believed, and the master below found, that the documents contain only rumor, speculation, and hearsay, not facts. The record below supports the master's finding. Although the documents implicate Pace in Daigle's beating, the master made his finding after considering evidence of Pace's reputation for bragging, the dislike some officers felt for him, and Mortimer's exhaustive, but fruitless follow-up of these investigative leads.

Violation of Rule 35(e)(2) requires both actual knowledge of new information and actual knowledge that it is inconsistent with a response previously made. *See* 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2049, at 323 (1970) (discussing F.R.C.P. 26(e)(2), federal counterpart to Rule 35(e)(2)); *see also Bunch v. United States*, 680 F.2d 1271, 1282 (9th Cir. 1982); *Petroleum Ins. Agency v. Hartford Acc. & Indem. Co.*, 106 F.R.D. 59, 68 (D. Mass. 1985). As Daigle's counsel stated at trial, "Rumors are not factual information." Because the four documents Mortimer "withheld" contain no factual information, Mortimer could not have knowingly concealed new information, nor could he have knowingly concealed information that was inconsistent with a response previously made.

The master's finding that the City did not knowingly conceal facts is reasonable, and Daigle's claim therefore fails. The master properly denied Daigle's motion for sanctions.

*Affirmed.*

THAYER and HORTON, JJ., did not sit; the others concurred.